## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **EMPISH THOMAS, individually and on behalf of all others similarly situated,**<br><br>        **Plaintiff,**<br><br>     **v.**<br><br>**AMERIS BANK,**<br><br>        **Defendant.** | **1:13-cv-2841-WSD** |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss the Class Action Complaint [6] ("Motion to Dismiss").

## I.    BACKGROUND

Plaintiff Empish Thomas ("Plaintiff") suffers from Vogt-Koyanagi-Harada syndrome and has been legally blind since 1991.  (Compl. [1] ¶ 1).  On an unspecified date, after March 15, 2012, Plaintiff visited an ATM (the "Subject ATM") owned and operated by Defendant Ameris Bank ("Defendant").  (Id. ¶ 10). Plaintiff alleges that, at the time of her visit, the Subject ATM lacked an operational voice-guidance feature and lacked Braille instructions for Plaintiff to

initiate the speech mode.  (Id. ¶ 12).  Plaintiff asserts that it was impossible for a person without vision to perform transactions on the Subject ATM because the input modalities relied on visual cues.  (Id. ¶ 10).  Plaintiff asserts that the Subject ATM does not have an operational voice-guidance feature and that it does not provide Braille instructions to initiate the speech mode. (Id. ¶ 13).

The Subject ATM is located nineteen (19) miles from Plaintiff's home, and it is located near her office. (Id. ¶ 11).  Plaintiff asserts that she will continue to attempt to use the Subject ATM because she wants to have convenient ATM options within her routine activities.  (Id.).

On August 26, 2013, Plaintiff filed this action alleging that the Subject ATM was "inaccessible" to her as a legally blind individual, and thus the Subject ATM fails to comply with the design standards required under Title III of the Americans with Disabilities Act (the "ADA").  Plaintiff requests (1) declaratory and injunctive relief for alleged violations of the ADA; (2) a permanent injunction directing Defendant to bring the Subject ATM into compliance with the ADA; (3) class certification; (4) payment of the costs of suit; and (5) reasonable attorneys' fees.

On October 1, 2013, Defendant filed its Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that Plaintiff lacks standing to assert her claim.

## II.   DISCUSSION

### A.   <u>Legal Standard</u>

Standing is a component of subject matter jurisdiction challenged under Rule 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either a "facial" or "factual" attack.  <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924-25 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction on the basis of the allegations in the complaint, which the Court accepts as true in deciding whether to grant the motion.  <u>Id.</u>  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings.  <u>Id.</u>  When resolving a factual attack, the Court may consider extrinsic evidence such as testimony and affidavits.  <u>Id.</u>  In a factual attack, the plaintiff has the burden to prove that jurisdiction does, in fact, exist.  <u>Brown v. Cranford Transp. Serv., Inc.</u>, 244 F. Supp. 2d 1314, 1317 (N.D. Ga. 2002).

Defendant's Motion is a facial challenge to Plaintiff's standing based on the allegations in the Complaint.  In reviewing a complaint in a facial attack on subject matter jurisdiction, the allegations are deemed presumptively truthful, and the "court is required 'merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction."  <u>Stalley ex rel. United States v. Orlando Reg'l</u>

3

Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  Mulhall v. Unite Here, Local 355, 618 F.3d 1279, 1286 (11th Cir. 2010) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555 (1988)).  "It is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.  '[T]he test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'"  Simanonok v. Simanonok, 787 F.2d 1517, 1519 (11th Cir. 1986) (quoting Duke Power Co. v. Carolina Envtl. Study Grp., 438 U.S. 59, 70 (1978)).

B.    Analysis

To satisfy the standing requirements of Article III, a plaintiff must demonstrate that they have "alleged such a personal stake in the outcome of the controversy as to warrant [the plaintiff's] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [the plaintiff's] behalf." Watts v. Boyd Props., 758 F.2d 1482, 1484 (11th Cir. 1985) (quoting Warth v. Seldin, 422 U.S. 490, 499-500 (1975)).  A plaintiff must allege, and ultimately prove, three elements to establish standing under Article III: "First, [the plaintiff]

must show that they suffered an injury-in-fact.  Second, the plaintiff must

demonstrate a causal connection between the asserted injury-in-fact and the

challenged action of the defendant.  Third, the plaintiff must show that the injury

will be redressed by a favorable decision."  Shotz v. Cates, 256 F.3d 1077, 1081

(11th Cir. 2001) (quoting Lujan, 504 U.S. at 560-61) (internal citations and

quotations omitted).  "These requirements are the 'irreducible minimum' required

by the Constitution for a plaintiff to proceed in federal court."  Shotz, 256 F.3d at

1081 (quoting Ne. Fla. Chapter, Associated Gen. Contractors of Am. v. City of

Jacksonville, 508 U.S. 656, 664 (1993)) (internal quotation marks omitted).

　　　In this action, Defendant does not dispute that the causation requirement of

standing is satisfied because Plaintiff's alleged ADA[1] injury is traceable to

Defendant's Subject ATM and its alleged failure to comply with Section 707 of the

2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG").[2]

---

[1] Title III of the ADA prohibits discrimination in the activities of places of public
accommodation and requires places of public accommodation to comply with
ADA standards and to be readily accessible to, and independently useable by,
individuals with disabilities.  42 U.S.C. §§ 12181, 12182.

[2] Section 707 of the ADAAG imposes the following requirements to ensure that
ATMs are fully accessible to, and independently useable, by blind individuals: (1)
ATMs shall be speech enabled; (2) input controls shall be tactilely discernible; (3)
function keys shall have specific tactile symbols; (4) Braille instruction shall be
provided for initiating the speech mode.  See  36 C.F.R. § 312.1 (2013); see also 36

Defendant's argument focuses on whether Plaintiff has sufficiently alleged that she suffered a cognizable injury-in-fact or that any injury she may have suffered will be redressed by a favorable decision in this action.

      1.    <u>Injury-in-Fact</u>

Plaintiff seeks only injunctive and declaratory relief under Title III of the ADA, and therefore she must show an injury-in-fact by alleging facts that give rise to an inference that she will suffer future discrimination.  <u>See</u> <u>Shotz</u>, 256 F.3d at 1081 (holding a party has standing to seek injunctive relief "only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury") (quoting <u>Wooden v. Bd. of Regents of the Univ. Sys.</u>, 247 F.3d 1262, 1284 (11th Cir. 2001).  As the Supreme Court has stated, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  <u>Lujan</u>, 504 U.S. at 561, 564.

Plaintiff thus must plead, at a minimum, that she is likely to return to the Subject ATM.  <u>See</u> <u>Stevens v. Premier Cruises, Inc.</u>, 215 F.3d 1237, 1238 (11th Cir. 2000) (holding that a plaintiff's intent to use the defendant's services "in the

---

C.F.R. §§ 1154.150, 119.1 (2010 standards for ATM accessibility guidelines for buildings and facilities covered by the ADA are found in Appendix D at 549-552).

near future" was sufficient to demonstrate a genuine threat of imminent injury and confer standing); see also Sawczyn v. BMO Harris Bank Nat. Ass'n, No. 13-2309, 2014 WL 1089790, at *3 (D. Minn. Mar. 19, 2014) (holding that a plaintiff need only establish that the ATMs visited are *near enough* and *convenient enough* to be reasonably expected to be visited again). A complaint that only alleges past incidents of discrimination is not enough. Shotz, 256 F.3d at 1082. Where the future plan for use is speculative or conjectural, dismissal is appropriate. Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1331 (11th Cir. 2013).

In Stevens, the plaintiff sought injunctive relief for alleged ADA accessibility violations aboard Defendant's cruise ship. Stevens, 215 F.3d at 1238. The plaintiff did not allege in her original complaint a threat of future injury. Id. at 1238-39. The district court dismissed the action, and plaintiff, in response, submitted a proposed amended complaint in which she "alleged that, in the near future, she would take another cruise aboard Defendant's ship." Id. at 1239. The district court denied plaintiff leave to amend the complaint. Id. The Eleventh Circuit reversed, stating, "we are satisfied that Plaintiff's proffered amended complaint would have cured the defect about standing in the original complaint" because Plaintiff's allegation to visit the Defendant's cruise ship in the "near future" was enough to demonstrate a threat of imminent injury. Id.

Here, the Complaint adequately alleges a likelihood of future harm sufficient for Plaintiff to have standing to bring her claims for declaratory and injunctive relief.[3]  The threat of future injury to Plaintiff is "real and immediate."   The Complaint asserts that Plaintiff attempted to use the Subject ATM in the past, and she intends to visit the Subject ATM in the future because she wants to have convenient ATM options within her routine activities.  She lives nineteen (19) miles from the Subject ATM and works near the Subject ATM location.  See Houston, 733 F.3d at 1340 (holding that plaintiff living 30.5 miles from accommodation and frequently visiting his attorney's office nearby alleged a concrete and realistic plan of when he would visit the accommodation in the

---

[3] Defendant initially challenged Plaintiff's standing because she is a "tester" who visits businesses covered by the ADA solely for the purpose of finding violations, initiating lawsuits, and generating fees for her attorney.  The Eleventh Circuit has previously held that a plaintiff's status as a tester "does not deprive him of standing to maintain his civil action for injunctive relief under 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 12188(a)(1) of the ADA's Title III."  Houston, 733 F.3d at 1332.  The language of § 12182(a) confers on plaintiffs a legal right to be free from discrimination on the basis of disability with respect to "the full and equal enjoyment of the . . . facilities," regardless of motive.  Id. at 1334.  Even if Plaintiff here is a "tester" as Defendant claims, that status does not deprive her of standing. See id.

future).  Plaintiff has asserted a concrete and immediate threat of future injury based on Defendant's alleged ADA violations.[4]

        2.    Redressabilty

The redressability requirement for Article III standing requires that Plaintiff's "injury will be redressed by a favorable decision."  See Shotz v. Cates, 256 F.3d at 1081 (quoting Lujan, 504 U.S. at 560-61).  As previously established, Plaintiff demonstrates that the threat of future injury is real and immediate, and Plaintiff satisfies the standing requirement of injury-in-fact.  The redressability prong is satisfied because Plaintiff's injuries arise from Defendant's failure to comply with the ADA.  Plaintiff's alleged injury—that she is not able to use the

---

[4] To show future harm, Defendant encourages the Court to apply a four-factor test requiring a plaintiff to assert a specific intent to return to defendant's business: "[T]he Court must determine whether the plaintiff is likely to return to the defendant's business by examining several factors: including: (1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant."  (Def's Br. [6-1] at 7 (citing Segal v. Rickey's Rest. & Lounge, Inc., No. 11-61766-CIV, 2012 WL 2393769, at *5 (S.D. Fla. June 25, 2012))).  The Eleventh Circuit has not adopted this specific four-factor test.  Our Circuit requires the Court to analyze a plaintiff's future intent to return based on her demonstration of a concrete and immediate threat of future injury.  Even if the test urged by Defendant was applied, the Court finds that Plaintiff satisfies it because she works near the Subject ATM, has attempted to use it in the past, and will continue to attempt to use it so she can have convenient ATM options within her routine activities.

non-compliant Subject ATM—is traceable to Defendant and would be redressed by

an injunction requiring Defendant to bring the Subject ATM into compliance with

the ADAAG.  See Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 875 (10th Cir.

1992) (holding that redressability prong requires a plaintiff "to demonstrate . . .

that the relief requested will redress the injury claimed.").[5]

The Court concludes Plaintiff's alleged past use of the Subject ATM and her

intent to use it again are sufficient to claim a concrete and immediate threat of

future injury.  Plaintiff also demonstrates that the future injury will be redressed by

---

[5] Defendant asserts that Plaintiff does not satisfy the "redressability" test set forth in Elend v. Basham, 471 F.3d 1199 (11th Cir. 2006).   In Elend, the plaintiffs alleged that the Secret Service interfered with their First Amendment rights when they protested the President's visit, but they could not establish a likelihood of future injury due to lack of specifications concerning how or when they would protest another presidential appearance.  Id. at 1210.  The district court was unable to fashion any injunction other than "the Secret Service shall ensure there's no violation of the First Amendment."  Id.  The Eleventh Circuit held such an injunction would "merely command the Secret Service to obey the law."  Id.  The Eleventh Circuit explained an "obey the law" injunction was insufficient because it would not accomplish anything "beyond abstractly commanding the Secret Service to obey the First Amendment."  Id. at 1209.  The "entirely speculative nature" of the plaintiffs' alleged future protests "would render wholly advisory any prospective relief."  Id.  Defendant argues that Plaintiff's request is simply an "obey-the-law-injunction" requiring Defendant to bring the Subject ATM in full compliance with the requirements set forth in the ADA.  Plaintiff is not merely seeking an order for Defendant to "obey the law" by complying with the ADAAG.  Instead, Plaintiff is seeking an order to ensure that she can use the Subject ATM in the future.

a favorable decision by prohibiting discrimination under the ADA.  Plaintiff thus has standing to pursue her claim, and Defendant's Motion to Dismiss for lack of standing is denied.

## III.    CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Ameris Bank's Motion to Dismiss Plaintiff Empish Thomas's Class Action Complaint [6] is **DENIED**.

**SO ORDERED** this 23rd day of June, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

11